**Dexter BROWN, Plaintiff–Appellant,**

v.

**Sahir NASEER, M.D., Defendant–Appellee.**

No. 16–17073

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 5, 2017

Dexter Brown, Stockton, CA, pro se.

Oliver Robert Lewis, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Dexter Brown appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Brown failed to

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

raise a genuine dispute of material fact as to whether Dr. Naseer was "subjectively aware" that his failure to order requested testing and his order to restrict Brown's fluid intake "created a substantial risk of harm" to Brown. *See id.* at 1060; *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between prisoner and medical staff does not give rise to a deliberate indifference claim).

We reject as unsupported by the record Brown's contention that he alleged a due process claim.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).